J-S18024-23

2023 PA Super 190

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
            v.                :
                              :
                              :
                              :
CHRISTIAN OCHOA               :
                              :
         Appellant            :  No. 1216 EDA 2022

Appeal from the Judgment of Sentence Entered March 29, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
            No(s):  CP-09-CR-0001788-2021

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                              :           PENNSYLVANIA
                              :
            v.                :
                              :
                              :
                              :
CHRISTIAN OCHOA               :
                              :
         Appellant            :  No. 1217 EDA 2022

Appeal from the Judgment of Sentence Entered March 29, 2022
In the Court of Common Pleas of Bucks County Criminal Division at
            No(s):  CP-09-CR-0001793-2021

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

DISSENTING OPINION BY STEVENS, P.J.E.:   **FILED SEPTEMBER 29, 2023**

In this case the Majority vacates Appellant's judgment of sentence and

remands for a new trial concluding that Appellant was subjected to a second

investigatory detention which was not supported by reasonable suspicion of

criminal activity.  Relying on ***Mattis*** and ***Lopez***, the Majority notes that after

---

[*] Former Justice specially assigned to the Superior Court.

addressing the purpose of the initial stop for suspicion of DUI, the officers retained Appellant's drivers' license and continued to unlawfully question him regarding issues unrelated to the initial stop.

However, unlike **Mattis** and **Lopez**, where the defendants were found not "free to leave" while the officers retained their licenses, the trial court in this matter specifically found that a reasonable person in Appellant's circumstances would have realized that they were free to terminate the interaction and leave. **See** trial court opinion, 11/14/22 at 17-18.

Based on the foregoing, the facts of this case support the conclusion that the subsequent questioning by the officers constituted a mere encounter and that Appellant's motion to suppress all the evidence derived from this questioning was properly denied.

Accordingly, I would affirm Appellant's judgment of sentence imposed following his conviction for two counts of PWID and related charges.

Therefore, I respectfully dissent.